**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**(Filed Electronically)**

**CRIMINAL ACTION NO. 3:23-CR-108-CHB**
**UNITED STATES OF AMERICA,**                                                     **PLAINTIFF,**

**vs.**

**DEANGELO PATTERSON,**                                                              **DEFENDANT.**

**DEFENDANT'S SENTENCING MEMORANDUM**

Comes the Defendant, DeAngelo Patterson ("Defendant" or, in the alternative, "Mr. Patterson"), by counsel, and respectfully requests this Honorable Court to consider the following factors and sentence Mr. Patterson to probation with a condition that he serve six months on home detention. In support, the Defendant states as follows:

**I. INTRODUCTION**

The Defendant entered a plea of guilty to the sole count of the indictment; one count of Firearms Dealing. Mr. Patterson entered a "B" guilty plea on August 15, 2024. Mr. Patterson is scheduled to be sentenced on November 14, 2024.

**II. PRE-SENTENCE REPORT**

**Objections**

Mr. Patterson objects to paragraph 33 of the final pre-sentencing report. DN 60. In applying the two-level enhancement found in USSG §3C1.2, the final PSR states "the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer. On August 25, 2023, a Jeffersontown Police Department officer

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

1

attempted to stop the defendant by turning on the emergency lights and sirens; however, the defendant fled, drove at high speeds and drove through grass to avoid the traffic stop. Due to pedestrian traffic the traffic stop was terminated." *See*, PSR at ¶33. The only evidence of this incident provided in discovery is a three-sentence mention, within approximately 700 pages of discovery. There are no videos, body camera footage, or other details about this incident. In preparing for Mr. Patterson's sentencing hearing, it is counsel's understanding that the United States contacted law enforcement officers involved in the incident and were given the following information: police had blocked an intersection with there vehicles in an attempt to prevent any possible flight; Mr. Patterson drove his vehicle around the police vehicles and onto the lawn of a residence; police did not pursue Mr. Patterson; no particular individual was placed in harm's way; no officer would be able to estimate how fast Mr. Patterson was driving; and there is no indication that Mr. Patterson's alleged flight caused any law enforcement officer to be placed in any substantial risk of death or serious bodily injury.

The mere fact that a defendant fled a scene does not necessitate a finding that USSG §3C1.2 should be applied. *See*, United States v. Mukes, 980 F.3d 526 (6th Cir. 2020) (defendant who fled while possessing a handgun should not have two-level enhancement applied). In a similar, but distinguishable case, the 6th Circuit recently applied the enhancement in a situation where the defendant fled "fled from the police at a speed of around 60 miles per hour and ran a red light and multiple stop signs. Armstrong nearly caused a police car to crash into another vehicle." United States v. Armstrong, 2023 WL 6636245 at 1 (6th Cir. 2023). The Armstrong Court quoting comments made by the trial judge at sentencing noted "every high speed chase is not necessarily appropriate for this enhancement." Id. at 2. In order to apply the enhancement "the government must 'link a specific aspect of the flight...with a specific risk.'" Id. at 2, quoting Mukes at 536.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

The United States "bears the burden of proving that an enhancement applies by a preponderance of the evidence." United States v. Bourquin, 966 F.3d 428 at 432 (6th Cir. 2020). The evidence in Mr. Patterson's case, that he drove into a yard to get around police cars, without more, is insufficient to require application of the enhancement. In applying the enhancement in Armstrong, the court noted Armstrong's excessive speed (60 miles per hour in a residential neighborhood), the fact that he ran a red light and stop signs, and the fact that he nearly struck a law enforcement officer, in support of applying the enhancement. Mere flight, without additional facts like those involved in the Armstrong case, is not sufficient to apply the §3C1.2 two-level enhancement. The government has not produced sufficient evidence to apply the two-level enhancement sought in paragraph 33 of the PSR.

### III. STATUTORY SENTENCING RANGE

Mr. Patterson has pleaded guilty to the sole count of the indictment, which carries a penalty of not more than fifteen years imprisonment; a fine of not more than $250,000; and not more than three years on supervised release.

### IV. ADVISORY GUIDELINE RANGE

The Pre-Sentence Report provides a Total Offense Level of 15. *Id.,* PSR at ¶¶38 and 76. Mr. Patterson's criminal history falls within Criminal History Category II. *Id.* at ¶¶48 and 76. A Final Offense Level 15 and Criminal History Category II results in an advisory Guideline range of 21 to 27 months. *Id*. at ¶76. If the Court sustains Mr. Patterson's objection, then his base offense level would be 13, which would produce a guideline sentence of 15-21 months.

### V. SENTENCING LAW

The advisory sentencing guideline range is but one factor for the Court to consider when fashioning an appropriate sentence. Specifically, the Court must consider the advisory guidelines

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

3

*as well as other factors* in arriving at a "reasonable" sentence that is "sufficient, but not greater than necessary" to comply with the purposes of sentencing imposed by 18 U.S.C. §3553(a)(2). Specifically, 18 § U.S.C. 3553(a) requires:

> **(a) Factors to be considered in imposing a sentence.**--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider–
>
> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> **(2)** the need for the sentence imposed–
>
> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> **(B)** to afford adequate deterrence to criminal conduct;
>
> **(C)** to protect the public from further crimes of the defendant; and
>
> **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> **(3)** the kinds of sentences available;
>
> **(4)** the kinds of sentence and the sentencing range established for–
>
> **(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–
>
> **(I)** issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>
> **(ii)** that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
>
> **(B)** in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

>Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
>
>**(5)** any pertinent policy statement--
>
>**(A)** issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>
>**(B)** that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
>
>**(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
>**(7)** the need to provide restitution to any victims of the offense.

Another statute that also impacts sentencing in the case at hand is 18 U.S.C. §3661. It requires that "no limitation shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

The district court must give consideration to the guidelines in determining a sufficient sentence, but it may not presume that the guideline sentence is the correct one. *Gall v. United States,* 552 U.S. 38, 46 (2007) and *Rita v. United States*, 127 S. Ct. 2456, 2465 (2007). In fact, the Court is free to consider whether the advisory guideline sentence itself "fails properly to reflect §3553(a) considerations" in this case, and/or whether the advisory guideline at issue exemplifies the Sentencing Commission's "exercise of its characteristic institutional role."*Rita, supra* at 2465 and *Kimbrough v. United States*, 128 S. Ct. 558, 575 (2007).

Office of the Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

## VI. DISCUSSION

Mr. Patterson is asking this Court to sentence him to probation with a period of six months of home detention. Mr. Patterson is asking this Court to evaluate his prior convictions, which consist of a ten-year old possession of marijuana conviction and a disorderly conduct conviction, and consider varying downward based upon the relatively minor nature of those offences. Mr. Patterson is 34 years old, and has had three prior interactions with the criminal justice system. All three of those interactions lead to misdemeanor convictions. He was not, until entering his guilty plea in this case, a convicted felon. He has never spent any period of time incarcerated in either a county jail or a prison. The collateral consequences associated with being convicted of a felony offense, are the most serious punishment he has ever received.

Mr. Patterson has been on bond on this case since November 7, 2023. At the time of his sentencing, Mr. Patterson will have spent over one year on home detention. During that time he has demonstrated his ability to abide by the rules and conditions placed upon him. If this Court were to sentence him to probation with a period of six months home detention, he will have spent over a year and half on home detention for this offense.

Since the preparation of the initial PSR, Mr. Patterson has obtained full-time employment with HJI Supply Chain Solutions, a warehouse in Louisville, KY. Mr. Patterson is a lead processor and in that role he is in charge of accepting return packages of LEGOs, separating, sorting and cleaning them before they are sent back to the LEGO company for repurchase. Mr. Patterson started this position on September 16, 2024. He works 54 hours per week, making a base rate of $16.00 per hour before overtime.

Mr. Patterson is very involved in his 5-year old daughter, Tru's life. Mr. Patterson splits

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

custody of his daughter with his ex-girlfriend - where they use a 7 day on/ 7 day off schedule. Meaning that Mr. Patterson has sole physical custody of his daughter for 7 days at a time, every other week. When he is at work, she stays with his mother, and when he is finished with his shift she spends her time with Mr. Patterson.

The sentencing guidelines allow for a sentence of probation "that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment..." USSG §5C1.1(c)(3). Mr. Patterson is asking this Court to vary downward to a sentence within Zone B of the sentencing table, which would allow for a sentence of probation with a condition of home detention. Mr. Patterson is specifically asking this Court to sentence Mr. Patterson to probation with six months on home detention as a condition of his probation.

Mr. Patterson plans to allocute at his sentencing hearing. Counsel expects his discussion to be similar to those he's had with the undersigned throughout the entirety of the case, respectful, remorseful, and genuine. Mr. Patterson was questioned by police upon his arrest, where he provided a full confession and demonstrated his regret for having engaged in the conduct in this case. This case has acted as a wake up call to Mr. Patterson. He has managed to obtain gainful, substantial employment; disassociate himself from prior bad influences in his life; and matured into a steady presence in his daughter's life.

For all of the reasons stated above, as well as additional reasons that will be developed at Mr. Patterson's sentencing hearing, Mr. Patterson believes that a probated sentence, with a period of six months home detention, would be sufficient, but not greater, than the period of time needed to accomplish the sentencing goals in 18 U.S.C. §3553.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

Respectfully submitted,

/s Aaron M. Dyke
Assistant Federal Defender
629 S. Fourth Street
Suite 200
Louisville, Kentucky 40202
(502) 584-0525
Counsel for Defendant

## **CERTIFICATE**

This is to certify that a true copy of the foregoing motion was served on the United States by electronically filing same to Ms. Alicia Gomez, Esq., Assistant United States Attorney, this 4th day of November, 2024.

s/ Aaron M. Dyke

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808