UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                              PLAINTIFF

v.                                                                             CRIMINAL NO.: 3:23-CR-108-CHB

DEANGELO PATTERSON                                                                              DEFENDANT

## UNITED STATES' SENTENCING MEMORANDUM
*-Electronically Filed-*

The United States of America, by counsel, Assistant United States Attorney Alicia P. Gomez, files its memorandum in support of its sentencing recommendation in this action, currently scheduled for November 14, 2024.

### Statutory Sentencing Provisions

Deangelo Patterson stands convicted of firearms trafficking, in violation of 18 U.S.C. § 933(a)(1) and (b). A conviction under this statute carries a maximum term of imprisonment of 15 years, a potential maximum fine of $250,000, and a term of supervised release of up to 3 years.

### Guideline Calculations

The United States Probation Office has prepared a Presentence Investigation Report (PSR), which concludes that the total offense level applicable to the offense should be 15. (DN 60, PSR at ¶ 38 Page ID # 205). The PSR also concludes that Mr. Patterson's criminal history places him in Criminal History Category II. (*Id*. at ¶ 48, Page ID # 207). Based upon a total offense level of 15 and a criminal history category of II, the guideline imprisonment range is 21 to 27 months. (*Id*. at ¶ 76, Page ID # 212)

Analysis of § 3553(a) Factors

This Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). That section directs courts to consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–

    . . .

(5) any pertinent policy statement--

    . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

Mr. Patterson stands convicted of firearms trafficking. The proposed guideline sentence in this action will adequately promote respect for the law, provide just punishment for the offense, protect the public, deter further criminal conduct, and provide Mr. Patterson with needed correctional treatment. The proposed sentence meets these factors.

Conclusion

For the reasons set forth herein, the United States respectfully requests the Court to accept the plea agreement and sentence the defendant to the low end of the guideline range, followed by a three year term of supervised release.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney


/s/ *Alicia P. Gomez*
Alicia P. Gomez
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky  40202
PH:  (502) 582-5911
FAX: (502) 582-5067

CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

/s/ *Alicia P. Gomez*
Alicia P. Gomez
Assistant U.S. Attorney